**Jeffrey ALNUTT, Plaintiff,**

v.

**STATE OF NEW YORK, Defendant.**

**No. 92–CV–60S.**

United States District Court,
W.D. New York.

Feb. 11, 1993.

Jeffrey Alnutt, pro se.

Patrick O. McCormack, Asst. Atty. Gen., Buffalo, NY, for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

Presently before this Court is defendant's motion to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(1), (6). For the reasons discussed below, this Court has determined that it has no subject matter jurisdiction over this action. Therefore, defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) will be granted, and defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) will be denied as moot.

## FACTS

Plaintiff is presently incarcerated at the Groveland Correctional Facility in Sonyea, New York. Plaintiff alleges that while he was incarcerated at the Wende Correctional Facility in Alden, New York he commenced a proceeding under New York State Civil Practice Law and Rules (CPLR) Article 78, CPLR § 7801 et seq., challenging a prison disciplinary determination finding him guilty of drug use. Plaintiff cites 7 N.Y.C.R.R. § 251–5.1(a), (b), which require that where an inmate is confined pending a disciplinary hearing, the hearing must take place within seven days of confinement, unless an extension is granted by the Commissioner of the New York State Department of Correctional Services or his designee (Complaint, p. 1). Furthermore, the regulations require that the hearing be completed within fourteen days following the writing of the misbehavior report, unless an extension is granted by the Commissioner or his designee. Plaintiff challenged the disciplinary determination because he alleges that a hearing extension was granted only after his conviction, and after the period provided by the regulation (Complaint, exh. C). Plaintiff has attached the affidavit of Donald Selsky, a designee of the commissioner, sworn to on March 14, 1991 (Complaint, exh. B). This affidavit indicates that the misbehavior report was dated July 12, 1990, the extension was requested on July 23, 1990, and an extension was granted to begin the hearing by July 23, 1990 and to complete the hearing by July 25, 1990. Plaintiff also attached the "Corrected Affidavit" of Donald Selsky, sworn to May 30, 1991 (Complaint, exh. C). This document indicates that the request for the extension was made as early as July 18, 1990. Plaintiff alleges that the hearing procedures denied him due process because they were untimely. Although plaintiff does not explain how the hearing was untimely, his opposition papers indicate that he alleged that there were improprieties in the granting of the extension. Plaintiff initiated his Article 78 proceeding in New York State Supreme Court, Orleans County. The matter was transferred by the county judge to the Appellate Division, Fourth Department. Plaintiff alleges error in the fact that the Appellate Division permitted defendant to file the "Corrected Affidavit" after all briefs had been submitted (Complaint, exh. A2). Plaintiff alleges that the Appellate Division relied upon CPLR §§ 2001 and 2002 in allowing the "Corrected Affidavit" to be filed and considered. These statutes provide:

§ 2001. Mistakes, omissions, defects and irregularities.

At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.

§ 2002. Error in ruling of court.

An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced.

Plaintiff objected to the Appellate Division's receipt of the "Corrected Affidavit" during the course of the state proceedings. The Appellate Division rejected plaintiff's argument, and in a memorandum opinion held:

Determination unanimously confirmed and petition dismissed. Memorandum: There is no merit to petitioner's challenge to the prison disciplinary determination finding him guilty of drug use. The disciplinary hearing was conducted within the required time period, as duly extended by the Superintendent's designee.... Further, the determination is supported by substantial evidence [citations omitted].

(Complaint, exh. A1). The New York Court of Appeals denied plaintiff's motion for leave to appeal to the Court of Appeals (Complaint, exh. A2).

Plaintiff then brought the present action, alleging once again that the Appellate Division's receipt of the "Corrected Affidavit" was in error. Plaintiff filed this action under 28 U.S.C. §§ 1331, 2403,[1] requesting a declaratory judgment that CPLR §§ 2001 and 2002 are unconstitutional because they do not afford equal protection of the laws (Complaint, p. 2). He claims that, to the extent these statutes permit a party to amend filed documents so that they will prejudice opposing parties, the statutes are unconstitutional (Complaint, p. 2). However, the essence of plaintiff's claim is that the New York State courts interpreted and applied these statutes incorrectly.

Defendant has moved to dismiss plaintiff's complaint on two grounds. First, defendant argues that the complaint should be dismissed for this Court's lack of subject matter jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1). Defendant argues that there is no actual controversy involved, and the plaintiff is merely seeking an advisory opinion on state practice and procedure. Second, defendant moves to dismiss the complaint for plaintiff's failure to state a claim, pursuant to Rule 12(b)(6). Defendant argues that the state courts have determined that the state statutes in question were not improperly applied to plaintiff, and that plaintiff is collaterally estopped from relitigating this issue.

## DISCUSSION

■ Plaintiff's "amended complaint" invokes 28 U.S.C. § 2403 as a basis for this Court's jurisdiction. Section 2403 involves intervention by the United States or a state, and is wholly inapplicable to the present case. Nonetheless, plaintiff's original complaint invokes 28 U.S.C. § 1331 as an alternative jurisdictional basis. Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff argues that this Court may properly exercise jurisdiction over this case because plaintiff has alleged that CPLR §§ 2001 and 2002 violate the Fourteenth Amendment to the Federal Constitution.

Many cases have discussed the § 1331 requirement that the claim must be one "arising under" federal law. *See, e.g., Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986) ("[T]he phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system."). Nonetheless, the courts have agreed that a federal district court does not have jurisdiction under § 1331 if plaintiff's federal law claim is "wholly insubstantial and frivolous." *Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1180 (7th Cir.1989) (quoting *Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). In *Hotel Syracuse, Inc. v. Young,* 805 F.Supp. 1073,

---

1. On January 24, 1992 plaintiff filed his original complaint seeking relief under 28 U.S.C. § 1331. On February 25, 1992 (before defendant filed an answer) plaintiff filed another document, which is identical to the complaint in all respects, except that it invokes 28 U.S.C. § 2403. In view of plaintiff's *pro se* status, this Court will treat the February 25, 1992 document as an amended complaint, and will evaluate plaintiff's claim under both statutes.

1081–82 (N.D.N.Y.1992), the court explained:

> ... a district court [must] dismiss a complaint seeking recovery under the Constitution or laws of the United States if the alleged federal claim either "clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous [citations omitted].... When the court determines that a complaint is undermined by either of these deficiencies, the complaint must be dismissed for want of federal subject matter jurisdiction. *Ricketts*, 874 F.2d at 1180.

In the present case, plaintiff's complaint is undermined by both of these deficiencies. After fully considering all of plaintiff's submissions, it is apparent that plaintiff's constitutional argument is merely a guise for an attack on the Appellate Division's discretionary decision to permit the filing of the "Corrected Affidavit." Plaintiff admits that the purpose behind the state statutes is to allow mistakes or irregularities to be corrected only if no substantial right of a party is affected. Plaintiff's complaint cites case law explaining that "[t]he discretionary power of the courts is subject to the limitations [sic] that a substantial right of a party is not thereby prejudiced." (Complaint, p. 2, citing *Patino v. Patino*, 8 A.D.2d 90, 185 N.Y.S.2d 567 (1st Dept. 1959). Plaintiff then explains the basis for his Fourteenth Amendment claim, writing:

> Being that the Appellate Division 4th Dept. and the NYS Court of Appeals have in fact accepted the corrected affidavit from respondents, inspite [sic] of CPLR 2001:1 & 2001:2 [sic], shows that said statute does not pertain to everyone.... The rulings of the aforesaid jurisdictions show that the aforesaid statute ... apply [sic] to the people but not to the state of NY or its employees which is reinforced by the higher court rulings.

Thus it is apparent that the essence of plaintiff's claim is not that the statutes themselves are unconstitutional, but that he disagrees with the discretionary application of the statutes in his case by the New York State courts. Such a disagreement does not rise to the level of a constitutional issue. Plaintiff's constitutional claim is immaterial and contrived for the purpose of obtaining jurisdiction; thus it falls outside the scope of § 1331.

■ Furthermore, plaintiff's constitutional allegations are wholly insubstantial and frivolous. The Supreme Court has held that a complaint should be dismissed under Rule 12(b)(1) where plaintiff's federal claim is "so insubstantial, implausible, foreclosed by prior decisions ... or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the district court." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–67, 94 S.Ct. 772, 776–77, 39 L.Ed.2d 73 (1974). Here, plaintiff's claim that the relevant New York State statutes are unconstitutional is totally without merit. Plaintiff contends that the statutes have not been enforced impartially by the New York State courts, and that he therefore implies that the statutes violate the equal protection clause of the Fourteenth Amendment. U.S. CONST. amend. XIV, § 1. All plaintiff alleges is that he was injured by the Appellate Division's discretionary decision to permit the filing of the "Corrected Affidavit." It is helpful to note that the New York State statutes merely recite the doctrine of "harmless error", and mirror Fed.R.Civ.P. 61, the constitutionality of which is beyond doubt. Plaintiff's claim does not state a claim "arising under" the Constitution. Therefore, this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or Article III, § 2 of the Constitution. Plaintiff's complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

Although the facts alleged in plaintiff's complaint would not state a cognizable claim for relief, this Court has already determined that it has no subject matter jurisdiction in this case. Therefore, this Court cannot resolve defendant's motion to dismiss plaintiff's complaint under Rule 12(b)(6). *See Bell*, 327 U.S. at 682–83, 66 S.Ct. at 776; *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir.

1971) (a dismissal under both rule 12(b)(1) and 12(b)(6) has a "fatal inconsistency" and cannot stand). Consequently, defendant's motion to dismiss under Rule 12(b)(6) is denied as moot.

## CONCLUSION

For the reasons discussed above, this Court has determined that plaintiff has failed to state a claim arising under the Constitution or laws of the United States. Therefore, this Court has no subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331, and plaintiff's complaint is dismissed under Fed.R.Civ.P. 12(b)(1). Whereas this Court has no jurisdiction to resolve plaintiff's claims, defendant's motion to dismiss the complaint under Rule 12(b)(6) is denied as moot.

## ORDER

IT HEREBY IS ORDERED, that defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) is GRANTED, and plaintiff's complaint is dismissed with prejudice.

FURTHER, that defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) is DENIED as moot.

FURTHER, that the Clerk of the Court is directed to enter a final judgment in favor of defendant and against plaintiff.

SO ORDERED.